CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 03, 2024
LAURA A. AUSTIN, CLERK
BY:    /s/T. Taylor
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **TEVIN EDWARD DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00565 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SGT. LANCE COOPER, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants | ) | |
| . | ) | |
| | ) | |

*Tevin Edward Davis, Pro Se Plaintiff; Thomas J. Sanford, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendant Keat; and Brittany E. Shipley and Rosalie P. Fessier, TIMBERLAKE SMITH, Staunton, Virginia, for other Defendants.*

The plaintiff, Tevin Edward Davis, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming violations of his constitutional rights.  Davis alleges that a jail officer assaulted him and injured his arm, while other officers watched and failed to intervene.  Davis also sues supervisory officials and a magistrate who allegedly did not assist him in pressing criminal charges against his assailant.  This court's initial Order in the case, ECF No. 3, notified Davis of his ongoing responsibility to keep the court apprised of his current mailing address.  The Order warned him that failure to comply with this requirement would result in dismissal of the action without prejudice.  It is self-

evident that the court must have a viable address by which to communicate reliably with Davis about this case.  On May 20, 2024, the court's mailing of ECF No. 50 was returned as undeliverable to Davis at the address he had provided.  The returned envelope indicated that authorities were unable to forward the mailing.

Based on Davis' failure to comply with the court's Order regarding the need to provide the court with a current mailing address that would allow reliable communication about his case, I conclude that he is no longer interested in pursuing this civil action.  Therefore, I will dismiss the action without prejudice for failure to prosecute.  *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants are subject to time requirements and respect for court orders and dismissal is an appropriate sanction for non-compliance); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)).  I will also dismiss the defendants' pending motions without prejudice.

An appropriate Order will issue herewith.

DATED:   June 3, 2024

/s/  JAMES P. JONES
Senior United States District Judge